IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NAKIA U. WIGGINS, | § | |
| | § | No. 529, 2024 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. K1607000037 |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: March 5, 2025
Decided: April 11, 2025

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Nakia U. Wiggins, filed this appeal from his sentencing for a violation of probation ("VOP"). The State has moved to affirm the judgment below on the ground that it is manifest on the face of the opening brief that this appeal is without merit. We agree and affirm.

(2) In August 2019, Wiggins pleaded guilty to drug dealing cocaine in a Tier IV quantity. The Superior Court sentenced Wiggins to twenty-five years of imprisonment, suspended after three years and nine months for nine months of Level

IV Work Release, followed by eighteen months of Level III probation with GPS monitoring.

(3) On November 25, 2024, the Superior Court found Wiggins in violation of probation for a third time. The court sentenced him, effective September 18, 2024, to nineteen years, eleven months, and twenty-four days of imprisonment, suspended for one year of Level IV DOC Discretion, followed by one year of Level III probation with GPS monitoring.

(4) Wiggins has appealed to this Court. His arguments are difficult to discern, but it appears that he contends that (i) the VOP proceedings were procedurally improper and (ii) the court did not "completely" follow the probation officer's sentencing recommendation. The VOP report recommended a sentence of twenty years of imprisonment, suspended after one year for one year of Level III with GPS monitoring.

(5) We find no reversible error. "It is well-established that appellate review of sentences is extremely limited."[1] Our review of a sentence generally ends upon a determination that the sentence is within the statutory limits prescribed by the legislature.[2] When sentencing a defendant for a VOP, the trial court may impose any period of incarceration up to and including the balance of the Level V time

---

[1] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).
[2] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).

remaining to be served on the prior sentence.[3] Wiggins does not contend that the sentence imposed exceeded the Level V time remaining on his sentence.

(6) As to the claim of procedural impropriety, Wiggins has not sufficiently described the nature of the alleged impropriety to enable appellate review. To the extent that he asserts that he did not receive notice of the VOP hearing, his claim is inconsistent with the record. The docket reflects that after the VOP report and administrative warrant were filed on September 19, 2024, a VOP hearing was scheduled for October 7. Then, on October 7, 2024, the VOP hearing was continued at the defense's request. Thus, the record reflects that Wiggins had notice of the VOP proceedings.

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[3] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

3